```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA    )
                            )
                            )
            v.              ) 05-cr-30010-MAP
                            )
LEE A. HENRY, JR.,          )
        Defendant           )


## MEMORANDUM AND ORDER REGARDING
## PETITIONER'S MOTION FOR RECONSIDERATION
### (Dkt. No. 65)

### July 25, 2011

**PONSOR, D.J.**

### I. INTRODUCTION

Petitioner Lee Henry has moved for reconsideration of the court's December 2010 ruling denying his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 63.) Although Petitioner is correct that the court described his sentence inaccurately, the ruling remains on firm ground, and Petitioner's motion will be denied. (Dkt. No. 65.)

### II. DISCUSSION

On January 27, 2006, Petitioner appeared to be sentenced on charges stemming from three indictments (03-cr-30043, 05-cr-30010, and 05-cr-30011). Based on Petitioner's status as a career offender, the Sentencing Guidelines recommended a sentence of 360 months to life imprisonment.

Instead, the court imposed a sentence of 144 months on the first indictment for distribution of heroin; 144 months to run concurrently on the second indictment, also for distribution of heroin, plus an additional 24 months to run consecutively as a penalty for committing this offense while on pretrial release; and 24 months to run consecutively to these 168 months on the third indictment for violation of 18 U.S.C. § 401. The third charge arose from Petitioner's violation of the court's pretrial order not to commit any further crimes. The entire sentence consisted of 192 months, or sixteen years.[1]

However, in its December 2010 order denying Petitioner's § 2255 petition on the second indictment, the court incorrectly described Petitioner's sentence as consisting of two concurrent 144-month sentences with <u>one</u> consecutive 24-month sentence imposed for the contempt charge, for a total of 168 months, or fourteen years. Based on this inaccurate assessment, the court held that consideration of Petitioner's ineffective assistance of counsel claim was unnecessary, because his concurrent 144-

---

[1] Notably, the court specifically found that the criminal offender status assigned to Petitioner based on two prior convictions "aggravate[d] inordinately [his] true criminal history" and, therefore, significantly departed from the 360-month Guidelines sentence. (Sentencing Hearing Tr., 1/27/06, at 73.)

month sentences precluded him from demonstrating, as is required under Strickland v. Washington, that counsel's "deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984).[2] The court reasoned that, even if it found that counsel's performance was subpar and vacated Petitioner's sentence on his second indictment, he would still be serving 144 months on the first indictment and could thus demonstrate no prejudice.[3]

Petitioner now argues that the additional 24-month sentence tacked onto the sentence on the second indictment negates the court's prior ruling. Petitioner's argument is unavailing. The court imposed the additional 24-month sentence on his second indictment pursuant to 18 U.S.C. § 3147, which requires that a defendant

> convicted of an offense committed while released
> under this chapter [18 U.S.C. §§ 3141 et seq.]
> shall be sentenced, in addition to the sentence
> prescribed for the offense, to -- (1) a term of
> imprisonment of not more than ten years if the
> offense is a felony . . . .

18 U.S.C. § 3147. Petitioner's claim of ineffective

---

[2] Petitioner has never challenged the 24-month sentence imposed on the contempt of court charge.

[3] Petitioner's conviction of the crimes charged in the first indictment was affirmed on appeal, United States v. Henry, 482 F.3d 27 (1st Cir. 2007), and the court's denial of Defendant's subsequent § 2255 motion to vacate his 144-month sentence was also affirmed. Henry v. United States, No. 09-1509 (1st Cir. Sept. 22, 2009) (03-cr-30043, Dkt. No. 139.)

3

assistance of counsel arises out of his counsel's alleged failure to perceive prosecutorial misconduct on the part of the Connecticut state's attorney who prosecuted him in 1999 for various drug crimes. However, these convictions, which were addressed at length at the sentencing hearing with regard to the sentences for the drug convictions, had no bearing on the court's imposition of the 24-month penalty for the "offense committed while released." Id. Accordingly, the court will not depart from its prior conclusion that an analysis of Petitioner's counsel's conduct is unnecessary. Whatever ineffectiveness counsel may have demonstrated -- and it is unlikely that there was any -- simply did not affect the 24-month sentence in any way.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reconsider (Dkt. No. 65) is hereby DENIED.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge